JEWELL *v.* STATE ROADS COMMISSION OF MARYLAND

[No. 173, October Term, 1956.]

270

*Decided May 8, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*George E. Woelfel* and *Thomas J. Curley,* with whom were *Woelfel & Curley* on the brief, for appellants.

*Joseph D. Buscher, Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *James C. Morton, Jr., Special Attorney,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order sustaining the respondent's, appellee's, demurrer to complainants', appellants', cross bill of complaint.

The State Roads Commission of Maryland, (the Commission), on September 8, 1955, filed a bill of complaint against Bertha K. Jewell, Ray Jewell, Joseph Pierce Jewell, Virginia Jewell, Joseph Henry Jewell, and Sylvia F. Jewell, in which it alleged that the Jewells on December 30, 1952, conveyed to the Commission by deed certain land for the Annapolis By-Pass, a Controlled Access Arterial Highway, and all rights of ingress and egress from such By-Pass to their remaining property, a filling station. The barriers put up by the Commission to deny access, as granted, had been removed by the Jewells. The Commission asked that they be enjoined from breaking the denial of access clause contained in the afore-

said deed and for other and further relief. An answer was filed to that bill of complaint on October 10, 1955, in which the Jewells denied the material allegations of the bill and claimed that the aforesaid deed was procured in an improper manner by the Commission.

On October 13, 1955, the Jewells, as complainants, filed a cross bill against the Commission. A demurrer, and answer, denying the material allegations of the cross bill were filed by the Commission. After hearing, the chancellor passed an order sustaining the demurrer and dismissing the cross bill, without leave to amend. From that order complainants, appellants appeal. At the argument in this Court it was brought out that the Jewells have access to another public road. For the purpose of this case this cross bill alleges the filing of the original bill on September 8, 1955, and, among other things, the following. Sometime prior to 1950 the Commission determined that it was necessary to construct the Annapolis By-Pass which was to be a Controlled Access Arterial Highway. Prior to the dissemination of general knowledge relative to the construction of said By-Pass and prior to the acquisition thereof, the Commission by one or more of its members, agents or employees "must have disclosed its plans" to Messrs. J. Donaldson Parr and George W. Della. Thus provided with such advanced information from the Commission, the said Messrs. Parr and Della, during the years 1950 up to and including 1954, procured various tracts of land along said proposed By-Pass. The Commission conspired with Messrs. Parr and Della to grant access to their properties at various points along that By-Pass, despite the action of the Commission in designating and constructing the road as a Controlled Access Arterial Highway. When the Commission purchased the Jewell property in December, 1952, its representatives impressed upon them the "denial of access" feature of the Annapolis By-Pass and implanted in their minds the conviction that this highway was to be of a "non-access" type. It failed to disclose that only Messrs. Parr and Della were to be accorded the exclusive bounty of access roads. Subsequent developments have convinced the Jewells of the utter bad faith in such capricious, arbitrary, collusive

and discriminatory acts. They ask that the Commission be ordered and directed to grant unto them, the Jewells, the right to maintain a thirty-foot entrance into their gasoline filling station, permitting vehicles to pass thereto from the northbound artery of the Annapolis By-Pass. They also ask that certain issues be submitted to the law side of the court to be determined by a jury.

The authority of the Commission to designate and construct Controlled Access Arterial Highways is contained in Code, 1951, Article 89B, Section 7, and the definition of such a highway is contained in Code, 1951, Article 89B, Section 18, Sub-section B. Ordinarily the question of whether a proposed highway is required by public necessity is a legislative rather than a judicial matter. *Murphy v. State Roads Commission,* 159 Md. 7, 149 A. 566; *Masson v. Reindollar,* 193 Md. 683, 69 A. 2d 482; *State Roads Commission v. Franklin,* 201 Md. 549, 95 A. 2d 99, and cases there cited.

By Code 1951, Article 89B, Section 3, all records of the State Roads Commission were public records. Before the adoption of Chapter 59, Acts of 1956, we know of no requirement that plats containing the information, which the Jewells allege that Messrs. Parr and Della "must have received" from the Commission, be denied the public. By that Act, 1956 Cumulative Supplement, Article 89B, Section 9D, such plats and maps showing such information "shall not be considered public records of the Commission, and shall not be open to public inspection except by permission of the Commission, or its duly constituted officer, any statute or statutes to the contrary notwithstanding, until said plats or maps have been recorded as hereinafter prescribed." From this legislation it appears that the reason for withholding the plats and maps is to prevent their use by speculators.

The only basis upon which the Jewells file their cross bill is that Messrs. Parr and Della, who are not parties to this cause, have been improperly granted access to the By-Pass by roads which are much more dangerous to the public than the Jewell road, and therefore by recourse to the courts they must also be granted such access. Even assuming, without deciding, that the Commission was capricious, arbitrary,

collusive and discriminatory, as alleged, in granting such benefits to Messrs. Parr and Della, and that access should not have been granted on this Controlled Access Arterial Highway, we find no authorities nor have any been cited to us which justify the granting of such access to the Jewells. As pointed out by the chancellor, although they executed the aforesaid deed to the Commission cutting off the access to the filling station from the Annapolis By-Pass, the Jewells ask the court to judicially sanction their violation on the ground that others have acted unlawfully. Even assuming, without deciding, that fraud was practised by the Commission in obtaining the deed from the Jewells, they do not seek to have that deed set aside and declared null and void and offer to return the purchase price. In the argument in this Court they made such an offer. However, we are advised that they made no such offer or request to amend the bill of complaint before the chancellor and stated that they wished to stand on their cross bill in this Court, as originally filed. Of course, the chancellor did not pass upon the bill as so amended. Therefore we cannot pass upon it here. Rule 9 of the Court of Appeals, in effect when the cause was tried. We are of opinion that the chancellor was correct in sustaining the demurrer and dismissing the cross bill, without leave to amend.

*Order affirmed, with costs.*